# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MONTE VAUNE CARDWELL, )
)
        Plaintiff, )
)
vs. ) Case No. 12-1475-KHV-KGG
)
ARNE DUNCAN, *et al.*, )
)
        Defendants. )
)

## ORDER ON AMENDED MOTION
## TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with his federal court Complaint alleging a violation of his civil rights resulting from the denial of his request for discharging of his federal student loans, Plaintiff Monte Cardwell filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed). This Court previously recommended to the District Court that Plaintiff's *IFP* motion be denied because, based on the information initially submitted to the Court, Plaintiff's monthly income from Social Security appeared to exceed his monthly expenses by over a thousand dollars. As such, the Court held that he is not in the type of financial situation for which the *IFP* status was created. (Doc. 6.) Plaintiff has now filed a motion for reconsideration and objection to that motion (Doc. 7), which the District Court has referred back to the undersigned Magistrate for further

recommendations. (Doc. 8.)

As stated in the prior Order, under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, a court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In conjunction with the current motion, Plaintiff has provided the Court with more detailed financial information regarding his expenses, including a consumer debt not mentioned in his previous financial affidavit. (*See* Doc. 7-1, at 7-19; Doc. 3-1, at 5-6.) Considering this new information, in addition to that previously supplied to the Court, Plaintiff has now established that his access to the Courts

would otherwise be seriously impaired if he is not granted *IFP* status. Under these circumstances, the undersigned Magistrate Judge **GRANTS** Plaintiff's motion for *IFP*.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Proceed Without Prepayment of Fees (Doc. 7, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 5th day of June, 2013.

                                      S/ KENNETH G. GALE
                                      KENNETH G. GALE
                                      United States Magistrate Judge